IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASONOVA INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SORIN GRUNWALD, ROMEDEX INTERNATIONAL SRL, and BARD ACCESS SYSTEMS, INC.,<br><br>    Defendants.<br>_____/ | No. C 12-02422 WHA<br><br>**ORDER ON DEFENDANTS' MOTIONS TO JOIN TELEFLEX, INC. PURSUANT TO RULES 12(B)(7) AND 19** |

**INTRODUCTION**

In this intellectual-property dispute, defendants move separately to join Teleflex, Inc. pursuant to Rules 12(b)(7) and 19. For the reasons stated below, defendant Romedex's motion is disregarded as a **NULLITY** and defendant Grunwald's motion is **DENIED.**

**STATEMENT**

Plaintiff VasoNova, Inc. is a developer and manufacturer of medical devices (First Amd. Compl. ¶ 1). In its early days as a start-up, VasoNova sought to develop and commercialize a system that would allow physicians to efficiently place catheters without the need for an x-ray (*id*. ¶¶ 13, 20). VasoNova hired defendant Sorin Grunwald as its chief technology officer to aid in developing this system (*id*. ¶ 1). Through his role as CTO, Grunwald was allegedly "intimately involved in every aspect of the development of VasoNova's VPS (Vascular Positioning System) product." As VasoNova began attracting investors, it entered into confidentiality agreements with its employees. Grunwald signed a confidentiality, invention

assignment and arbitration agreement. Additionally, upon Grunwald's resignation from VasoNova, he signed a separation agreement, which reaffirmed his agreement to abide by the terms of the confidentiality agreement (*id.* ¶¶ 18–20).

After his resignation from VasoNova, Grunwald began filing patent applications for a product called "Sapiens TLS". He did not inform VasoNova of the patent applications or assign the patents to VasoNova (*id.* ¶¶ 34–40). VasoNova claims ownership of the Sapiens technology and alleges that Grunwald developed the technology while still employed at VasoNova. Grunwald denies these claims. After obtaining the patents, Grunwald incorporated Romedex International and assigned the patents to his newly created company (*id.* ¶¶ 37, 41). He then sold the Sapiens technology to Bard Access Systems Inc., a competitor of VasoNova.

Prior to Bard's acquisition, Romedex was in negotiations with Teleflex to discuss a possible acquisition of the former by the latter. Teleflex signed a non-disclosure agreement and conducted due diligence. After completing due diligence, Teleflex made an offer to acquire Romedex and to employ Grunwald. Teleflex's efforts to acquire Romedex failed and negotiations ended without the closing of an agreement (Grunwald Decl. ¶ 10). Teleflex then turned its sights onto VasoNova, Grunwald's past employer. Teleflex succeeded in acquiring VasoNova (*id.* ¶ 12). Teleflex is now VasoNova's parent company; however, the two are separate legal entities. Accordingly, VasoNova has a board of directors who are separate from Teleflex's board of directors and files corporate taxes in its own name. VasoNova also alleges that it did not assign the contracts with Grunwald, the subject of this action, to Teleflex (Molloy Decl. ¶¶ 5, 8–10).

VasoNova obtained FDA clearance for its VPS product that employs the Sapiens technology (Grunwald Decl. ¶ 13). Teleflex has begun marketing VasoNova's VPS product under Teleflex's name in the United States and in Europe (*id.* ¶ 17). In this civil action, VasoNova is seeking relief from Grunwald, Romedex and Bard regarding the ownership and use of the Sapiens technology (First Amd. Compl. ¶ 1). Defendants Grunwald and Romedex now move to join Teleflex as a required party to this action on the grounds that: (1) complete relief cannot be accorded among the existing parties VasoNova, Grunwald, Romedex and Bard; (2)

United States District Court

For the Northern District of California

1  Teleflex's absence will impair or impede its ability to protect its interests regarding the Sapiens
2  technology; (3) Grunwald is substantially at risk to be exposed to double, multiple or
3  inconsistent obligations if Teleflex is absent from this action.

         \*     \*     \*

  Grunwald files this motion on his own behalf and files a nearly identical motion on Romedex's behalf. The July 25 order denied Grunwald's motion for permission to appear and respond on behalf of Romedex because Civil Local Rule 3-9(b) requires entities like, Romedex, to "appear only through a member of the bar of this Court." Grunwald is not a member of the bar. Accordingly, his motion on Romedex's behalf is disregarded as a nullity. Grunwald's motion on his own behalf is permitted and is considered in this order.

## ANALYSIS

  Before addressing the merits of Grunwald's motion, this order must address a fairness and procedural objection. VasoNova asserts that considerable portions of Grunwald's motion should be struck for failure to file an affidavit or declaration required under Civil Local Rule 7-5. This rule requires that "[f]actual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record." Grunwald did not include an affidavit or declaration that supports all his factual contentions in his motion. This was improper and is not cured by appending a revised declaration to his *reply brief* because it deprived VasoNova the opportunity to respond in its opposition. Grunwald's status as a *pro se* litigant hardly excuses this lapse, especially since he has advanced degrees. The relevant portions of Grunwald's motion that were unsupported by an affidavit or declaration are accordingly struck. Nonetheless, even if this shortfall was excused, the motion would fail on the merits, as set forth below.

  Rule 19 requires that the missing party be both necessary and indispensable to the action to grant such a motion. In assessing necessity and indispensability, the inquiry should be both fact-specific and practical. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–119 (1968). Rule 19(a)(1) contains the "necessary party" test, which itself contains two prongs. Either prong may be met to satisfy Rule 19(a)(1). The first prong states that a party

3

must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." This prong concerns complete relief only among *current* parties to the action. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). The second prong states that joinder of a party is required if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

The complaint can be adjudicated without Teleflex's presence. The complaint asserts that VasoNova owns the property and Grunwald asserts he (or his co-defendants) own it. The complaint can be adjudicated without Teleflex's presence. Thus, the first prong fails. The second prong also fails because Teleflex does not claim any independent right vis a vis the issues raised in the complaint.

**CONCLUSION**

Grunwald has not carried his burden to show that Teleflex is a necessary and indispensable party. Teleflex's joinder is not required and failure to join does not require dismissal. For the foregoing reasons, Grunwald's motion is **DENIED.** This denial is without prejudice should Grunwald decide to file a timely and proper counterclaim herein against Teleflex under Rule 13 or a third-party complaint under Rule 14. This order merely holds that Rule 19 does not bar VasoNova's complaint for failure to include Teleflex. Additionally, for the foregoing reasons, Romedex's motion is disregarded as a **NULLITY**. Romedex should appear and respond with proper counsel to avoid future motions from being disregarded in this action.

**IT IS SO ORDERED.**

Dated: August 23, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4