UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASONOVA, INC., <br>     Plaintiff, <br> v. <br> SORIN GRUNWALD, et al., <br>     Defendants. | Case No. 12-cv-02422-JST <br><br> **ORDER RE: PROTECTIVE ORDER** <br> Re: ECF No. 124 |

Now before the court is the parties' Joint Letter Brief Regarding Discovery Order. ECF No. 124. Having considered the arguments contained therein, and good cause appearing, the court now orders as follows:

1. The court will not adopt VasoNova and the Teleflex Entities' suggested paragraph in Section 7.1 of the parties' Protective Order, which would prohibit any party receiving Protected Material from sharing that material with any other party, absent written permission from the Producing Party. There are three reasons for the court's conclusion. First, while there (surprisingly) appears to be no authority directly on point, the court concludes that all parties are presumptively entitled to the discovery produced by all other parties. Second, the Protective Order should be adequate to allay VasoNova and the Teleflex Entities' concerns regarding the use that Bard might put their information. Third, in the very unlikely event that Bard's potential receipt of a particular document poses problems that the protective order does not solve, the court would prefer to litigate the issues pertaining to that document, rather than prohibit Bard from receiving an entire category of documents.

2. The court will adopt the prosecution bar proposed by VasoNova and the Teleflex Entities. The Federal Circuit recently addressed the standard that lower courts should apply in

determining when an unacceptable risk of inadvertent disclosure of highly confidential information arises. In re Deutsche Bank Trust Co. Americas, 605 F.3d 1373, 1381 (Fed. Cir. 2010). The Deutsche Bank court said:

> [A] party seeking imposition of a patent prosecution bar must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information. We further hold that the party seeking an exemption from a patent prosecution bar must show on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.

Id. at 1381.

Here, VasoNova and the Teleflex Entities have made an initial showing that their proposed prosecution bar is appropriate both in scope and duration. On the other hand, Romedex and Grunwald have not shown, or even argued, that their expert's[1] "representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation." Instead, Romedex and Grunwald merely argue that the protective order used in a prior arbitration between the parties did not contain a prosecution bar. This argument is not persuasive.

In short, the court will adopt Bard, Romedex, and Grunwald's position as to the disputed portion of Paragraph 7.1 of the parties' Protective Order, but it will adopt VasoNova and the Teleflex Entities' proposed prosecution bar.

**IT IS SO ORDERED**.

Dated: May 7, 2013

_____
JON S. TIGAR
United States District Judge

---

[1] Although Deutsche Bank's language reflects the fact that a prosecution bar often applies to counsel for a party, in this case it will apply to an expert witness.