1   Patrick T. Michael (State Bar No. 169745)
    pmichael@jonesday.com
2   Iman Lordgooei (State Bar No. 251320)
    ilordgooei@jonesday.com
3   JONES DAY
    1755 Embarcadero Road
4   Palo Alto, CA 94303
    Telephone: (650) 739-3939
5   Facsimile: (650) 739-3900

6   Calvin P. Griffith (Admitted *Pro Hac Vice*)
    cpgriffith@jonesday.com
7   David M. Maiorana (Admitted *Pro Hac Vice*)
    dmaiorana@jonesday.com
8   JONES DAY
    North Point
9   901 Lakeside Avenue
    Cleveland, Ohio 44114
10  Telephone: (216) 586-3939
    Facsimile: (216) 579-0212
11
    Attorneys for Plaintiff, Counterdefendant
12  VASONOVA, INC., and Counterdefendants
    TELEFLEX, INC. and TELEFLEX
13  MEDICAL, INC.

Christopher J. Cox (Bar No. 151650)
E-Mail: chris.cox@weil.com
Hong-An N. Tran (Bar No. 267685)
E-Mail: an.tran@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendant
BARD ACCESS SYSTEMS, INC.

Steven A. Ellenberg, Esq. (SB # 151489)
steve@ellenberglawoffices.com
Mark V. Boennighausen, Esq. (SB # 142147)
LAW OFFICES OF STEVEN A.
ELLENBERG
4 North Second Street, Suite 1240
San Jose, California 95113
Telephone: (408) 998-8500

Attorneys for Defendant, Counterclaimants
SORIN GRUNWALD and ROMEDEX
INTERNATIONAL SRL

14
15                  UNITED STATES DISTRICT COURT
16                  NORTHERN DISTRICT OF CALIFORNIA
17                     SAN FRANCISCO DIVISION

18  VASONOVA, INC.,                          Case No. 3:12-CV-02422-JST
19              Plaintiff,                   **STIPULATED PROTECTIVE ORDER**
20         v.                                Hon. Jon S. Tigar
21  SORIN GRUNWALD, ROMEDEX
    INTERNATIONAL SRL, and BARD ACCESS       # FILED
22  SYSTEMS, INC.,
23              Defendants.                  MAY 1 5 2013
24
    AND RELATED COUNTERCLAIMS                RICHARD W. WIEKING
25                                           CLERK, U.S. DISTRICT COURT
                                             NORTHERN DISTRICT OF CALIFORNIA
26
27      In accordance with the Court's May 7, 2013 Order Re: Protective Order (ECF No. 126), the
28  parties hereby stipulate and request that the Court issue a Protective Order in this case as follows:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Fed. R. Civ. P. 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a

consultant in this action, (2) is not a Party or a past or current officer, director, or employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an officer, director, or employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     In-House Counsel: attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

1  presentations by Parties or their Counsel that might reveal Protected Material. However, the protections
2  conferred by this Stipulation and Order do not cover the following information: (a) any information that is
3  in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain
4  after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order,
5  including becoming part of the public record through trial or otherwise; and (b) any information known to
6  the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a
7  source who obtained the information lawfully and under no obligation of confidentiality to the Designating
8  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

9  ### 4.  DURATION

10  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order
11  shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise
12  directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this
13  action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all
14  appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any
15  motions or applications for extension of time pursuant to applicable law.

16  ### 5.  DESIGNATING PROTECTED MATERIAL

17  5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-
18  Party that designates information or items for protection under this Order must take care to limit any such
19  designation to specific material that qualifies under the appropriate standards. To the extent it is practical
20  to do so, the Designating Party must designate for protection only those parts of material, documents,
21  items, or oral or written communications that qualify – so that other portions of the material, documents,
22  items, or communications for which protection is not warranted are not swept unjustifiably within the
23  ambit of this Order.

24  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be
25  clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or
26  retard the case development process or to impose unnecessary expenses and burdens on other parties)
27  expose the Designating Party to sanctions.

28  If it comes to a Designating Party's attention that information or items that it designated for

STIPULATED PROTECTIVE ORDER
Case No. 12-cv-2422-JST
3

protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

     5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

     (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

     (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the

1   30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating
2   Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the
3   entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
4   EYES ONLY."

5          Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other
6   proceeding to include Protected Material so that the other parties can ensure that only authorized
7   individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present
8   at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its
9   designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10         Transcripts containing Protected Material shall have an obvious legend on the title page that the
11  transcript contains Protected Material, and the title page shall be followed by a list of all pages (including
12  line numbers as appropriate) that have been designated as Protected Material and the level of protection
13  being asserted by the Designating Party. The Designating Party shall inform the court reporter of these
14  requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall
15  be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
16  EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript
17  shall be treated only as actually designated.

18         (c) for information produced in some form other than documentary and for any other tangible
19  items, that the Producing Party affix in a prominent place on the exterior of the container or containers in
20  which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
21  ATTORNEYS' EYES ONLY."

22         5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate
23  qualified information or items does not, standing alone, waive the Designating Party's right to secure
24  protection under this Order for such material. Upon timely correction of a designation, the Receiving Party
25  must make reasonable efforts to assure that the material is treated in accordance with the provisions of this
26  Order.

27         **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

28         6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

1    confidentiality at any time if it believes in good faith that such designation is improper. Unless a prompt

2    challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial

3    unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

4    does not waive its right to challenge a confidentiality designation by electing not to mount a challenge

5    promptly after the original designation is disclosed.

6         6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by

7    providing written notice of each designation it is challenging and describing the basis for each challenge.

8    To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

9    challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

10   Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

11   conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14

12   days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

13   belief that the confidentiality designation was not proper and must give the Designating Party an

14   opportunity to review the designated material, to reconsider the circumstances, and, if no change in

15   designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to

16   the next stage of the challenge process only if it has engaged in this meet and confer process first or

17   establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely

18   manner.

19        6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention,

20   the Challenging Party shall file and serve a motion to remove the confidentiality designation under Civil

21   Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within

22   21 days of the initial notice of challenge. Each such motion must be accompanied by a competent

23   declaration affirming that the movant has complied with the meet and confer requirements imposed in the

24   preceding paragraph. Failure by the Challenging Party to make such a motion including the required

25   declaration within 21 days shall automatically waive any objections to the confidentiality designation for

26   each challenged designation.

27        The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

28   Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

1    expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall

2    continue to afford the material in question the level of protection to which it is entitled under the

3    Designating Party's designation until the court rules on the challenge.

4    **7.  ACCESS TO AND USE OF PROTECTED MATERIAL**

5    7.1  Basic Principles. A Receiving Party may use Protected Material that is disclosed or

6    produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending,

7    or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

8    persons and under the conditions described in this Order. When the litigation has been terminated, a

9    Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

10    Protected Material must be stored and maintained by a Receiving Party at a location and in a

11    secure manner which ensures that access is limited to the persons authorized under this Order.

12    7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

13    court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

14    item designated "CONFIDENTIAL" only to:

15    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said

16    Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this

17    litigation;

18    (b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party or,

19    if the Receiving Party is an individual, the Receiving Party to whom disclosure is reasonably necessary for

20    this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

22    necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

23    (Exhibit A);

24    (d) the court and its personnel;

25    (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors

26    to whom disclosure is reasonably necessary for this litigation;

27    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary

28    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise**

1    **agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or

2    exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and

3    may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

4         (g) the author or recipient of a document containing the information or a custodian or other person

5    who otherwise possessed or knew the information.

6         7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

7    or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

8    Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

9    ATTORNEYS' EYES ONLY" only to:

10        (a) the Receiving Party's Outside Counsel of Record in this action, provided that such Outside

11   Counsel of Record is not involved in competitive decisionmaking, as defined in *U.S. Steel Corp. v. United*

12   *States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, as well as

13   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

14   information for this litigation;

15        (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

16   litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3)

17   as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

18        (c) the court and its personnel;

19        (d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors

20   to whom disclosure is reasonably necessary for this litigation; and

21        (e) the author or recipient of a document containing the information or a custodian or other person

22   who otherwise possessed or knew the information.

23        7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –

24   ATTORNEYS' EYES ONLY" Information or Items to Experts.

25        (a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party

26   that seeks to disclose to an Expert (as defined in this Order) any information or item that has been

27   designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b)

28   first must make a written request to the Designating Party that (1) sets forth the full name of the Expert

1   and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current

2   curriculum vitae, (3) identifies the Expert's current employer(s), and (4) identifies the Expert's current

3   and/or ongoing engagements in connection with a litigation.

4       (b) A Party that makes a request and provides the information specified in the preceding respective

5   paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of

6   delivering the request, the Party receives a written objection from the Designating Party. Any such

7   objection must set forth in detail the grounds on which it is based.

8       (c) A Party that receives a timely written objection must meet and confer with the Designating

9   Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days

10  of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert

11  may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and

12  General Order 62, if applicable) seeking permission from the court to do so. Any such motion must

13  describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert

14  is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional

15  means that could be used to reduce that risk. In addition, any such motion must be accompanied by a

16  competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and

17  the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating

18  Party for its refusal to approve the disclosure.

19      In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of

20  proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs

21  the Receiving Party's need to disclose the Protected Material to its Expert.

22      **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

23  **OTHER LITIGATION**

24      If a Party is served with a subpoena or a court order issued in other litigation that compels

25  disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY

26  CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

27      (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the

28  subpoena or court order;

1    (b) promptly notify in writing the party who caused the subpoena or order to issue in the other

2    litigation that some or all of the material covered by the subpoena or order is subject to this Protective

3    Order. Such notification shall include a copy of this Stipulated Protective Order; and

4    (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating

5    Party whose Protected Material may be affected.

6    If the Designating Party timely seeks a protective order, the Party served with the subpoena or

7    court order shall not produce any information designated in this action as "CONFIDENTIAL" or

8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from

9    which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

10   Designating Party shall bear the burden and expense of seeking protection in that court of its confidential

11   material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

12   Party in this action to disobey a lawful directive from another court.

13   **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

14   **THIS LITIGATION**

15   (a)    The terms of this Order are applicable to information produced by a Non-Party in this

16   action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

17   ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the

18   remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting

19   a Non-Party from seeking additional protections.

20   (b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's

21   confidential information in its possession, and the Party is subject to an agreement with the Non-Party not

22   to produce the Non-Party's confidential information, then the Party shall:

23   1.    promptly notify in writing the Requesting Party and the Non-Party that some or

24   all of the information requested is subject to a confidentiality agreement with a Non-Party;

25   2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in

26   this litigation, the relevant discovery request(s), and a reasonably specific description of the information

27   requested; and

28   3.    make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

**11.     LIMITATIONS ON PATENT PROSECUTIONS AND REEXAMINATIONS**

Absent written consent from the Producing Party, any individual affiliated with a Receiving Party who reviews or otherwise learns of non-public information that has been produced in this litigation designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not participate, directly or indirectly, in the prosecution of any patent application anywhere in the world (including, without limitation, originally filed applications, provisionals, non-provisionals, continuations, divisionals, continuations-in-part, reexaminations, or reissues), nor engage in the acquisition, directly or indirectly, of any patent or patent application (including, without limitation, originally filed applications, provisionals, non-provisionals, continuations, divisional, continuations-in-part, reexaminations, or reissues) involving the subject matter at issue in this litigation. This prohibition shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall extend from the time of receipt of such information through and including two (2) years following the entry of a final non-appealable judgment or order or the complete settlement of all claims

1   against the Party or Parties whose information was received or reviewed.

2         The foregoing Section 11 shall not apply to bar the patent prosecution activities of any individual

3   whose review of information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4   has only come under Section 7.3(e) as the author or recipient of the designated information or as a

5   custodian or other person who otherwise possessed or knew the information.

6       **12.**    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

7   **PROTECTED MATERIAL**

8         When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

9   material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

10  those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Notwithstanding the procedures set forth in

11  Rule 26(b)(5)(B), the inadvertent disclosure of any privileged or otherwise protected document or

12  information shall not operate as a waiver of any discovery privilege, immunity or exception, including

13  without limitation the attorney-client privilege or the work product immunity and nothing in this Order

14  shall require disclosure of information that is protected by the attorney-client privilege, work product

15  immunity, or other privilege or immunity.

16        If a Producing Party becomes aware that it has inadvertently produced information or materials

17  that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity,

18  the Producing Party shall promptly notify each Receiving Party of the inadvertent production in writing.

19  Once a Receiving Party receives notice of the production, it shall make reasonable efforts to gather any

20  copies of the information and materials that were distributed to others and shall return or destroy all such

21  copies within three (3) business days of receiving such notice. The Producing Party shall keep a copy of

22  the production for the Court's in-camera review thereof in the event that the Receiving Party challenges

23  the Producing Party's claim of privilege or immunity. Any notes or summaries of the Receiving Party

24  referring or relating to any such produced material subject to a claim of privilege or immunity shall be

25  destroyed promptly. Moreover, if a Receiving Party, upon review of information or materials produced to

26  it, becomes aware that any portion of such information or materials could reasonably be considered to be

27  protectable by the attorney-client privilege, work product immunity, or other privilege or immunity, the

28  Receiving Party shall promptly notify the Producing Party of the specific materials which could be so

1    considered, and shall not use any such materials for any purpose until the issue has been resolved by

2    agreement with the Producing Party or by order of the Court. Nothing in this Order shall prevent a

3    Receiving Party from submitting to the Court a challenge to the propriety of an attorney-client privilege,

4    work product immunity, or other applicable privilege or immunity designation of a Producing Party. In the

5    event of such a challenge, the Producing Party shall bear the burden of establishing the privileged nature

6    of any produced information or materials.

7         **13.**    **MISCELLANEOUS**

8         13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its

9    modification by the court in the future.

10       13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no

11    Party waives any right it otherwise would have to object to disclosing or producing any information or

12    item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right

13    to object on any ground to use in evidence of any of the material covered by this Protective Order.

14       13.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a

15    court order secured after appropriate notice to all interested persons, a Party may not file in the public

16    record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

17    must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed

18    under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

19    Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request

20    establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise

21    entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal

22    pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party

23    may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise

24    instructed by the court.

25         **14.**    **FINAL DISPOSITION**

26         Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

27    Party must return all Protected Material to the Producing Party or destroy such material. As used in this

28    subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

1    format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

2    or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the

3    same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

4    where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

5    Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

6    reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

7    entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

8    legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

9    consultant and expert work product, even if such materials contain Protected Material. Any such archival

10   copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

11   Section 4 (DURATION).

12          **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

13

14   Dated: May 14, 2013

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JONES DAY

By:  _____ */s/ Iman Lordgooei* _____
                Iman Lordgooei

Attorneys for Plaintiff, Counterdefendants
VASONOVA, INC., TELEFLEX, INC., and
TELEFLEX MEDICAL, INC.


WEIL, GOTSHAL & MANGES LLP

By:  _____ */s/ Christopher J. Cox* _____
                Christopher J. Cox

Attorneys for Defendant
BARD ACCESS SYSTEMS, INC.


LAW OFFICES OF STEVEN A.
ELLENBERG

By:  _____ */s/ Steven A. Ellenberg* _____
                Steven A. Ellenberg

Attorneys for Defendants, Counterclaimants
SORIN GRUNWALD and ROMEDEX
INTERNATIONAL SRL

1    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3

4    DATED:  **5/15/13**        _____

5                              Hon. Jon S. Tigar
                              United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION

I, Iman Lordgooei, an ECF User whose ID and password are being used to file this STIPULATED PROTECTIVE ORDER, in compliance with Civil L.R. 5-1(i)(3), hereby attest that Christopher J. Cox and Hong-An N. Tran of Weil, Gotshal & Manges LLP, attorneys for Bard Access Systems, Inc., and Steven A. Ellenberg and Mark V. Boennighausen of the Law Offices of Steven A. Ellenberg, attorneys for Sorin Grunwald and Romedex International SRL, have concurred with this filing.

Dated: May 14, 2013

By: _____ /s/ Iman Lordgooei _____
Iman Lordgooei

Attorneys for Plaintiff, Counterdefendants
VASONOVA, INC., TELEFLEX, INC., and
TELEFLEX MEDICAL, INC.

STIPULATED PROTECTIVE ORDER
Case No. 12-cv-2422-JST

16

1 **EXHIBIT A**

2 **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3    I, _____ [print or type full name], of _____

4 [print or type full address], declare under penalty of perjury that I have read in its entirety and

5 understand the Stipulated Protective Order that was issued by the United States District Court for

6 the Northern District of California on [date] in the case of *VasoNova, Inc. v. Sorin Grunwald, et*

7 *al.*, Case No. 3:12-cv-2422-JST. I agree to comply with and to be bound by all the terms of this

8 Stipulated Protective Order and I understand and acknowledge that failure to so comply could

9 expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

10 not disclose in any manner any information or item that is subject to this Stipulated Protective

11 Order to any person or entity except in strict compliance with the provisions of this Order.

12    I further agree to submit to the jurisdiction of the United States District Court for the

13 Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

14 Order, even if such enforcement proceedings occur after termination of this action.

15    I hereby appoint _____ [print or type full name] of

16 _____ [print or type full address and telephone

17 number] as my California agent for service of process in connection with this action or any

18 proceedings related to enforcement of this Stipulated Protective Order.

19

20 Date: _____

21 City and State where sworn and signed: _____

22 Printed name: _____

23       [printed name]

24 Signature: _____

25       [signature]

26

27

28

ACKNOWLEDGMENT AND AGREEMENT TO BE
BOUND BY STIPULATED PROTECTIVE ORDER
Case No. 12-cv-2422-JST